CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 0 8 2008

JOHN ... CLERK
BY:

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JANIE E. MONTGOMERY,<br>Plaintiff, | ) ) ) | Civil Action No. 7:07cv00305 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br>Defendant. | ) ) ) | By: James C. Turk<br>Senior United States District Judge |

By standing order of the Court, this case was referred to the Honorable Michael F. Urbanski, United States Magistrate Judge, for proposed findings of fact and a recommended disposition. The Magistrate Judge filed his Report and Recommendation on July 10, 2008, recommending that this Court enter an order denying the Commissioner's Motion for Summary Judgment and remanding the case to the Commissioner for calculation of payment of benefits.

The Commissioner filed an objection to the Report and Recommendation on July 16, 2008 and Plaintiff, Janie Montgomery ("Montgomery"), filed a response to the Commissioner's objection on July 23, 2008. Said objection and response having been timely filed, the Court must undertake a de novo review of those findings of fact and recommendations for disposition to which the Commissioner has objected. Wimmer v. Cook, 774, F.2d 68, 73 (4th Cir. 1985). After a thorough examination of the Commissioner's objections, the supporting memoranda, the applicable law, and the documented record, this Court adopts the Report and Recommendation of the Magistrate Judge and grants Montgomery's Motion for Summary Judgment.

I.

Montgomery brings this action pursuant to the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security. In a June 30,

2006 decision, later adopted as the final decision of the Commissioner, an Administrative Law Judge ("ALJ") denied Montgomery's claim for supplemental security income. In reaching the conclusion that Montgomery was not disabled, the ALJ proceeded through the five-step sequential evaluation process used by the Commissioner to determine whether a claimant is disabled. See 20 C.F.R. § 416.920. Before proceeding to the fourth step in the evaluation, the ALJ found that Montgomery retained the residual functional capacity ("RFC") to perform a reduced range of sedentary work. Specifically, the ALJ found that Montgomery could sit for up to four hours (with a sit/stand option), and stand and walk up to four hours in an eight-hour workday with normal breaks; lift/carry up to ten pounds occasionally; and occasionally bend, stoop, crouch, and balance. At the fourth step, the ALJ determined that Montgomery could not perform her past relevant work as a childcare attendant, solderer, coil winder (assembler), home care aide, and janitor, because these jobs, as they were performed by Montgomery, entailed light to medium work, exceeding her RFC for a reduced range of sedentary work.

Once the ALJ concluded that Montgomery could not perform her past relevant work, the burden shifted to the Commissioner to show that there are other jobs existing in significant numbers in the national economy that Montgomery can perform, consistent with her RFC, age, education, and work experience. 20 C.F.R. § 416.920(g); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975). At the fifth and final stage in the process, the ALJ found that Montgomery had acquired skills from past relevant work that are transferable to light work as a coil winder, and that Montgomery could perform such work insofar as it allowed a sit/stand option. The ALJ relied on the testimony of a vocational expert ("VE"), who testified at the administrative hearing that given Montgomery's age, educational background, prior work, and RFC, she could perform

light work as a coil winder. The VE testified that the majority of these jobs allow for a sit/stand option. Accordingly, the ALJ concluded that Montgomery was not disabled because she could perform work that exists in significant numbers in the national economy.

In his Report and Recommendation, the Magistrate Judge concluded that the ALJ's finding at step five of the disability determination—that there are significant jobs in the national economy which Montgomery could perform—was not supported by substantial evidence. The Magistrate Judge noted that because of Montgomery's advanced age and educational level, whether she could perform work that exists in significant numbers in the national economy turned on whether Montgomery had skills that were transferable from her prior work as a coil winder. The Magistrate Judge found that the Commissioner did not meet his burden at step five because the record did not support a finding that Montgomery has transferable skills. Accordingly, the Magistrate Judge recommended that the case be reversed and remanded to the Commissioner for calculation of payment of benefits. The Court agrees that the ALJ's decision at step five was not supported by substantial evidence.

## II.

The Court subjects the proposed findings and recommendations of the Magistrate Judge to de novo review. 28 U.S.C. § 636(b)(1). The Court must determine whether the Commissioner's findings and final decision is supported by substantial evidence, and whether the correct legal standards were applied. 42 U.S.C. § 405(g); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).

For the following reasons, the Court concludes that the ALJ's finding at step five of the sequential evaluation process was not supported by substantial evidence. First, Montgomery's past work as a coil winder was not vocationally relevant. The social security regulations provide that "[w]e do not usually consider that work you did 15 years or more before the time we are deciding whether you are disabled applies." 20 C.F.R. § 416.965(a). To provide some insight as to what date is the "time we are deciding," Social Security Ruling 82-62 states "[w]hen deciding whether a claimant is disabled under title II or title XVI, the 15-year period is generally the 15 years prior to the time of adjudication at the initial, reconsideration or higher appellate level." The record indicates that Montgomery was employed as a coil winder from 1982 until some time in 1990. Thus, by the time of the ALJ's decision on June 30, 2006, therefore, more than fifteen years had passed since Montgomery last worked as a coil winder.[1]

Next, even if Montgomery's past work as a coil winder was vocationally relevant, there is not substantial evidence to support a finding that Montgomery's skills from this work, performed at the sedentary level, were transferable to coil winding work performed at the light level. Under the Medical-Vocational Guidelines, Montgomery falls under either Rule 201.06 or 201.07. See 20 C.F.R. Pt. 404, Subpt. P, App. 2. Montgomery was 57 years old at the time of her application for benefits in 2005, and thus, was of advanced age. She completed high school, but does not have skills allowing for direct entry into skilled work. The issue remaining, and thus, the pivotal

---

[1] The court recognizes the Magistrate Judge's comment in footnote four of his Report and Recommendation that if the date of the initial decision denying benefits, July 29, 2005, is used to calculate the 15 year time period, there is some question as to whether 15 years had passed, since there is no evidence as to which month in 1990 Montgomery last worked as a coil winder. Regardless, the vast majority of her eight-year employment as a coil winder was performed too long ago and is usually not considered by the Commissioner in assessing whether Montgomery possesses transferable skills.

4

issue, is whether Montgomery possessed transferable skills. If she did, then the ALJ properly concluded under Rule 201.07 that she is not disabled. Id. If she does not, Rule 201.06 provides that she is disabled. Id.

The evidence in the record regarding the transferability of Montgomery's skills, found in the transcript of the administrative hearing, is sparse and tends to contradict the ALJ's finding that Montgomery possessed skills that she could transfer to a position as a coil winder at the light exertional level. Specifically, when asked by the ALJ whether Montgomery "could transfer skills to being a light coil winder," the vocational expert ("VE") unequivocally stated, "No." (R. 239)

Notwithstanding the VE's testimony, even if Montgomery possessed transferable skills, for a person of advanced age, such as Montgomery, the regulations require more. 20 C.F.R. § 416.968(d)(4) provides that

> "[i]f you are of advanced age and you have a severe impairment(s) that limits you to no more than sedentary work, we will find that you have skills that are transferable to skilled or semiskilled sedentary work only if the sedentary work is so similar to your previous work that you would need to make *very little, if any*, vocational adjustment in terms of tools, work processes, work settings, or the industry."

Id. (emphasis added). In his opinion, the ALJ noted that Montgomery would require "only a moderate adjustment" to apply her skills to other work. (R. 21) This conclusion was based on the following exchange between the ALJ and the VE:

> Q. Okay. Now, she's of advanced age. How with considering the tools, word processor settings and industry, how much vocational adjustments would be necessary to transfer skills from the work that she did to this job?
>
> A. [INAUDIBLE].
>
> Q. Please speak up because I don't think they're hearing you.

5

> A. There wouldn't be a great difference, I don't believe.
>
> Q. So would you – if it was on a, say, a five-point scale where there would be slight – none, slight, moderate, or significant and very significant, what – which of those would you use to – would you say it would require?
>
> A. [INAUDIBLE].
>
> Q. Up to moderate?
>
> A. [INAUDIBLE].

(R. 241) The VE's testimony and the ALJ's conclusion simply does not meet what the regulations require in regards to the level of vocational adjustment. Moreover, the Court notes that the coil winder position identified by the VE and relied upon by the ALJ in concluding that Montgomery was not disabled at step five is performed at the light exertional level, and thus exceeds Montgomery's "reduced range of sedentary work" RFC. (R. 20, 237-40)

### III.

Having determined for the reasons above that the Commissioner's denial of supplemental security income cannot stand, the Court recognizes that it has the statutory authority to either reverse and direct an award of benefits or remand to the Commissioner for a rehearing. Vitek v. Finch, 438 F.2d 1157, 1158 (4th Cir.1971); 42 U.S.C. § 405(g). The Court is convinced, however, that if the matter were to be remanded to the Commissioner for redetermination and the Commissioner were to conclude again that Montgomery was not disabled, his decision would not withstand judicial review. It is time to bring this matter to a close. See Taylor v. Weinberger, 512 F.2d 664, 668-69 (4th Cir.1975). Accordingly, the Magistrate Judge's Report and Recommendation shall be adopted and this matter shall be remanded to the Commissioner for a

computation of appropriate statutory benefits due and owing to Janie E. Montgomery based on a total permanent disability commencing on October 1, 2004.[2]

**ENTER**: This _8th_ day of August, 2008.

                                                /s/ James C. Turk
                                            Senior United States District Judge

---

[2] The Court notes that on a subsequent application for supplemental security benefits, Montgomery was awarded benefits as of June 15, 2007.

7

Case 7:07-cv-00305-JCT-mfu   Document 25   Filed 08/08/08   Page 7 of 7   Pageid#: 92